# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JERUSHA GILLESPIE and RAYNELL PROCTOR, § § § Plaintiffs, § § v. § § AMERICAN AIRLINES GROUP, INC. and MARKSMAN SECURITY CORPORATION, § § § § Defendants. § | CIVIL ACTION NO. 3:20-cv-02746-E |

## MARKSMAN SECURITY CORPORATION'S ORIGINAL COUNTERCLAIM

Defendant, Marksman Security Corporation ("Counter Plaintiff" or "Marksman") brings this counterclaim against Plaintiff/Counterclaim Defendant, Raynell Proctor ("Counter Defendant" or "Proctor").

## JURISDICTION AND VENUE

1. Counterclaim Plaintiff, Marksman Security Corporation, is a Florida corporation with an office at 600 E. Las Colinas Blvd., Suite 110, Irving, Texas 75039.

2. On information and belief, Plaintiff/Counter Defendant Raynell Proctor is a resident of Tuscaloosa, Alabama. Mr. Proctor has consented to the personal jurisdiction and venue of this Court because Marksman has filed a Notice of Removal in this Court and Mr. Proctor has not sought remand.

3. Counter Plaintiff's counterclaim arises under the same nucleus of operative facts as Counter Defendant's original claims. Accordingly, subject matter jurisdiction over Plaintiff's counterclaim is proper under 28 U.S.C. 1367 because they are so related to Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

## FACTUAL BACKGROUND

4. In early February 2019, Marksman offered Mr. Proctor a position as a General Manager in Marksman's Dallas, Texas office. Prior to this offer, Mr. Proctor was a Director of Corporate Operations in Marksman's Ft. Lauderdale, Florida office.

5. As part of Marksman's offer to Mr. Proctor of employment in the Dallas, Texas office, Marksman offered Mr. Proctor an interest-free loan of $8,100 and a moving allowance of $2,500 to help facilitate his relocation to Texas. Mr. Proctor accepted this offer, and the funds were sent via bank wire transfer directly to his Texas landlord on February 27, 2019 to secure a residential lease. Mr. Proctor agreed to bi-weekly payroll deductions of $450 to repay the loan. Six payroll deductions of $450 were made from March 14, 2019 through May 23, 2019. In addition, on May 15, 2020, Mr. Proctor agreed to have $2,500 in moving allowances applied to the loan balance.

6. Between around April 2019 and July 2019, while Mr. Proctor was employed at Marksman in the Dallas area, Mr. Proctor was provided an American Express corporate credit card. As part of his job duties, Mr. Proctor was authorized to make only business-related purchases. Mr. Proctor was expressly instructed to only make purchases for business purposes. This instruction was also included in Marksman's corporate policy and employee handbook, which Mr. Proctor agreed to and acknowledged in writing on or around June 11, 2018.

7. Mr. Proctor incurred $5,481.37 in personal expenses on Marksman's American Express corporate credit card in March, April and May 2019. Marksman's Chief Financial Officer Harlan Press asked Mr. Proctor to account for these expenses, which he could not. Instead, Mr. Proctor asked that these expenses be added to his outstanding loan with Marksman and increase his repayment amount to $500 on June 6, 2019 and then to $837.50 on June 20, 2019. Marksman

agreed to this request. One payroll deduction of $500 and two payroll deductions of $837.50 were made.

8. Marksman's loan balance to Mr. Proctor remains unpaid. Mr. Proctor currently owes Marksman $6,206.15 due to the unpaid obligations from his relocation and personal charges made to Marksman's corporate credit card.

## COUNT I: BREACH OF CONTRACT

9. Counter Plaintiff repeats and realleges the allegations set forth in paragraphs 1-8. above.

10. Marksman has a valid, enforceable contract with Mr. Proctor for loans made in the amount of $13,581.15.

11. Marksman is a proper party to sue for breach of the contract.

12. Marksman performed, tendered performance of, or was excused from performing its contractual obligations.

13. Mr. Proctor breached his contract with Marksman by failing to repay the $6,206.15 of the loan balance.

14. Mr. Proctor's breach caused Marksman injury.

15. Marksman retained the law firm of Harper Bates & Champion LLP to represent it in this action and has agreed to pay the firm reasonable and necessary attorneys' fees. Accordingly, Marksman is entitled to its attorneys' fees from Mr. Proctor pursuant to Tex. Civ. Prac. & Rem. Code § 38.001.

## PRAYER

Counter Plaintiff, Marksman Security Corporation, for the reasons stated above, respectfully prays that the Court enter judgment awarding it the following relief:

   a)  Actual damages;

   b)  Attorneys' fees and expenses;

   c)  Costs;

   d)  Pre- and post-judgment interest; and

   e)  All other relief to which it is entitled.

Dated: December 1, 2020

Respectfully submitted,

**HARPER BATES & CHAMPION LLP**

<u>*/s/ Austin Champion*</u>
Austin Champion
Texas Bar No. 24065030
Austin.Champion@harperbates.com
----
W. Ben Jones
Texas Bar. No. 24097903
Ben.Jones@harperbates.com

1717 Main Street, Suite 3550
Dallas, Texas 75201
214-238-8400 | Main
214-238-8401 | Fax

**COUNSEL FOR DEFENDANT
MARKSMAN SECURITY CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service were served with a copy of this document through this Court's CM/ECF system and pursuant to the local rules on December 1, 2020.

<u>*/s/ Austin Champion*</u>
Austin Champion